UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | CHAPTER 13 |
|     KEITH WILLIAM SHOCKER, : | |
|         Debtor : | |
| : | |
| JACK N. ZAHAROPOULOS, : | |
| STANDING CHAPTER 13 TRUSTEE, : | |
|         Movant : | |
| : | |
|     vs. : | |
| : | |
| KEITH WILLIAM SHOCKER, : | |
|         Respondent : | CASE NO. 1-25-bk-01800-HWV |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 1st day of August 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Agatha R. McHale, Esquire, and objects to the confirmation of the above-referenced Debtor's Plan for the following reasons:

    1.    Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

    Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Plan payment calculation sums of Lines 34, 35, 36, and 45.
    b. Even Plans that pay a 100% dividend to unsecured creditors are required to pay the monthly Means Test minimum amount, unless the Plan pays a 100% dividend to unsecured creditors and interest is paid to unsecured creditors at the federal judgment interest rate. See *In re Park,* 369 B.R. 205 (Bankr. M.D. Pa. 2007) and *In re Barnes,* 528 B.R. 501 (Bankr. S.D. Ga. 2015).
    c. Fiancée's contribution.
    d. Public Transportation – Line 15 – Verify.

    2.    Debtor's Plan violates 11 U.S.C. § 1322(a)(2) in that Debtor has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507.

       3.      Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test.

       4.      Trustee avers that Debtor's Plan cannot be administered due to the lack of the following:

    a.    Debtor has not provided Trustee with a copy of their 2024 federal income tax return as required by § 521(e)(2)(A).

WHEREFORE, Trustee alleges and avers that Debtor's Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

    a.    deny confirmation of Debtor's Plan;
    b.    dismiss or convert Debtor's case; and
    c.    provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:    /s/ Agatha R. McHale, Esquire
         Attorney for Trustee

## CERTIFICATE OF SERVICE

  AND NOW, this 1st day of August 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

Michael A. Cibik, Esquire
Cibik Law, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102

                /s/ Derek M. Strouphauer, Paralegal
                Office of Jack N. Zaharopoulos
                Standing Chapter 13 Trustee